# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Courtney Godfrey and Ryan Novaczyk,

        Plaintiffs,                Case No. 18-cv-524 (JNE/TNL)

v.

State Farm Fire & Casualty Company and       **ORDER**
Government Employers Insurance
Company,

        Defendants.

Matthew James Barber, Schwebel, Goetz, and Sieben, 80 South Eighth Street, Suite 5120, Minneapolis, MN 55402 (for Plaintiff Courtney Godfrey);

Michael A. Zimmer, M.A. Zimmer Law, P.O. Box 43817, Minneapolis, MN 55443 (for Plaintiff Ryan Novaczyk);

Michelle D. Christensen & Lehoan T. Pham, HKM, P.A., 30 East Seventh Street, St. Paul, MN 55101 (for Defendant State Farm Fire and Casualty Company); and

This matter is before the Court on Defendant State Farm Fire and Casualty Company's Motion to Compel (ECF No. 45). For the reasons set forth below, the Court will grant the motion in part and deny it in part.

## I. BACKGROUND

Plaintiffs Courtney Godfrey and Ryan Novaczyk filed a lawsuit against State Farm Fire & Casualty Company ("State Farm") and Government Employers Insurance Company ("GEICO"), following a boating accident that resulted in the amputation of Godfrey's leg. Amend. Compl. ¶ 12 (ECF No. 18). Plaintiffs seek a judgment declaring unlawful "resident

family member exclusion" provisions contained in insurance policies that State Farm and GEICO issued to Novaczyk. *Id*. at ¶¶ 17-19. Plaintiffs allege that State Farm and GEICO denied Godfrey liability coverage for injuries she suffered in the boating accident on the basis of those policies. *Id*. Plaintiffs allege that those policies are not enforceable under Minnesota public policy that abrogated interspousal immunity. *Id*. at ¶ 19.

On July 24, 2018, State Farm served written discovery on Plaintiffs. (ECF No. 49-1, pp. 3-53). Included in the written discovery were requests related to the boating accident, Godfrey's injuries and damages, certain statements that Godfrey made regarding the enforceability of the insurance policies, and Novaczyk's role in the accident. (*See generally id*.). State Farm also sought to depose Plaintiffs. (ECF No. 49-1, pp. 66).

On August 13, 2018, Plaintiffs indicated that they would seek a protective order in response to State Farm's discovery requests. (ECF No. 49-1, p. 55). A few weeks later, State Farm sent a letter to Plaintiffs seeking an update regarding the status of Plaintiffs' responses on September 1 (ECF No. 49-1, pp. 58). Plaintiffs reiterated that they intended to seek a protective order (ECF No. 49-1, p. 58). Plaintiffs did not, however, file such a motion, nor identify dates on which they would be available for deposition. (ECF No. 49, p. 4). They also never responded or objected to State Farm's discovery requests. (*Id*.).

State Farm has filed a motion to compel, seeking responses to its written discovery requests, dates that Plaintiffs would be available for deposition, and its costs and attorney's fees. (ECF No. 45). Godfrey filed a memorandum in response. The Court heard arguments on January 4, 2019. At that hearing, the Court expressed concern that it did not have subject matter jurisdiction over this matter because Plaintiffs pled in their complaint that Godfrey

2

only suffered damages that were in excess of $50,000, short of the amount-in-controversy requirement of 28 U.S.C. § 1332. Following the hearing, the Court ordered Plaintiffs to submit an affidavit establishing that their claim exceeded $75,000. (ECF No. 60). On January 14, 2019, Godfrey filed an affidavit stating that the value of the declaratory judgement that she sought was in excess of $3 million. (ECF No. 61). The Court then took the matter under advisement.

## II. ANALYSIS

### A. Subject Matter Jurisdiction

As the Court previously noted in its order questioning jurisdiction (ECF No. 60), the amount in controversy must exceed $75,000 in order for the Court to have original jurisdiction over a matter based on the diverse citizenship of the parties. 28 U.S.C. § 1332. The amount in controversy is determined by the value of the right the plaintiff seeks to enforce. *McGuire v. State Farm Fire and Cas. Co.*, 108 F. Supp. 3d 680, 687 (D. Minn. 2015). This requires the Court essentially to determine whether the value of the declaratory judgment is greater than $75,000 by assessing what damages Plaintiffs might seek if they were to prevail in their declaratory judgment action. Because it is not apparent from the face of the complaint that this amount exceeds $75,000, the Court must make this determination based on the preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

Here, Godfrey has submitted a detailed affidavit indicating that the damages she suffered in this matter exceed $3 million. She indicates that she intends to seek the full amount from both Defendants in a tort action should she prevail in the declaratory

3

judgment action. The Court has carefully reviewed the affidavit and concluded that it is sufficient to satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332.

### B. Motion to Compel

State Farm moves to compel responses to its written discovery and to set dates for deposition of both Plaintiffs. Rule 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). To determine whether the discovery requested is proportional to the needs of the case, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A party may move to compel a response from a party who fails to answer an interrogatory under Rule 33 or fails to produce a document requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B). This Court "has considerable discretion in granting or denying discovery requests." *Bredemus v. Int'l Paper Co.*, 252 F.R.D. 529, 534 (D. Minn. 2008).

State Farm contends that its discovery requests bear directly on factual allegations contained in Plaintiffs' complaint. They also argue that, by failing to respond or object in a timely manner, Plaintiffs have waived all objections to written discovery. Plaintiffs concede that they have not responded or objected to any of State Farm's discovery requests.

But they argue that the discovery State Farm seeks is not proportional to the needs of the case because this matter will turn on the resolution of a single legal question: whether resident family member exclusions are valid under Minnesota law. Plaintiffs further claim that discovery is unnecessary because they have "withdrawn" or "amended" certain allegations from their complaint that relate to the accident and Godfrey's injuries.

The Court does not find Plaintiffs' arguments persuasive for several reasons. First, it is axiomatic that the failure to timely object to discovery constitutes a waiver of those objections. Fed. R. Civ. P. 33(b)(4); *see also Cargill v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012) (noting that Rule 33(b)(4) waiver is implied to all rules involving the various discovery mechanisms). The Court in its discretion, may only excuse that waiver for good cause. *Cargill*, 284 F.R.D. at 424. Here, counsel for Godfrey admitted that he should have served objections or filed a motion for a protective order, but did not offer any good reason as to why he did not do so. The Court therefore concludes that, with certain exceptions set forth below, Plaintiffs have waived their objections to State Farm's discovery. This alone is reason to grant the motion to compel.

Second, it is equally apparent that the discovery that State Farm seeks is relevant to the factual allegations of Plaintiffs' complaint. Paragraph 12 of the amended complaint for example, alleges that Godfrey was thrown overboard and that "[a]s a direct and proximate result, the watercraft's propeller ran over and amputated [Godfrey]'s left leg mid-calf." Plaintiffs also allege in paragraph 15 of the amended complaint that Godfrey incurred and will continue to incur medical expenses for her treatment, that she lost earnings and wages, that she suffered physical and mental pain, and that she has been damaged and injured in

5

an amount greater than $50,000. Plaintiffs do not dispute the relevance of State Farm's discovery to these allegations, but instead claim in their memorandum of law they will modify or withdraw those allegations so that State Farm's discovery requests are no longer relevant.

Plaintiffs do not, however, provide any authority that allows them unilaterally to withdraw allegations when responding to a motion to compel. A party that has already filed an amended complaint may move to amend its pleadings only when the opposing party consents to it or the Court grants leave to do so. Fed. R. Civ. P. 15(a)(2). If such an amendment would require modification of the pre-trial scheduling order, the amending party must show good cause for the amendment. *See* Fed. R. Civ. P. 16(b)(2). Otherwise, leave to amend must be freely granted. Fed. R. Civ. P. 15(a)(2). Plaintiffs, however, have not filed a motion for leave to amend and the Court will not consider granting leave to amend because a party suggested it would do so in response to a motion to compel.[1]

Plaintiffs also suggest that the Court could strike the allegations they identified under Federal Rule of Civil Procedure 37. Rule 37 does permit the Court to sanction a party who fails to respond to discovery by "striking pleadings in whole or in part." Fed. R. Civ. P. 37(d)(3); 37(b)(2)(A)(iii). But the purpose of sanctions, including those imposed under 37, is to both "penalize those whose conduct may be deemed to warrant such a sanction" and "to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643

---

[1] A party seeking leave to amend must also file a copy of the proposed amended pleading and a version of the proposed amended pleading that shows how it differs from the operative pleading. Minn. LR. 15.1(b). Only if the Court grants the motion to amend can the moving party then file and serve the amended pleading.

(1976) (per curiam). The Court will not entertain the idea of allowing a party to move for a sanction upon itself simply so the party can avoid complying with its discovery and other procedural obligations. Such a result would be illogical, to say the least.

Finally, the discovery that State Farm seeks is undoubtedly relevant to the declaration that Plaintiffs seek in this action. Plaintiffs contend that the only discovery that is necessary to resolve this declaratory judgment action is the operative insurance policy. In support of this position, they rely heavily on the language of the Minnesota Declaratory Judgment Act, which allows any interested party to obtain a declaration of his or her "rights, status, or other legal relations" under a written instrument. Minn. Stat. § 555.02. But a party seeking a declaration under the Minnesota Declaratory Judgment Act must still "have an independent, underlying cause of action based on a common-law or statutory right." *Eggenberger v. West Albany Tp.*, 90 F. Supp. 3d 860, 863 (D. Minn. 2015) (quoting *Alliance for Metro. Stability v. Metro. Council*, 671 N.W.2d 905, 916 (Minn. App. 2003)). The party seeking a declaration must also have standing under Article III of the United States Constitution. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559-61 (1992).[2] Article III prohibits this Court from issuing opinions that advise what the law would be based on hypothetical statements of facts. *Pub. Water Supply Dist. No. 8 v. City of Kearney*, 401 F.3d 930, 932 (8th Cir. 2005).

---

[2] *Lujan* appears to relate to a declaratory judgment sought under the Federal Declaratory Judgment Act. 504 U.S. at 559. But standing is always required to satisfy the case and controversy requirement of Article III. *Id.* at 559-61. "State courts may afford litigants standing to appear where federal courts would not, but whether they do so has no bearing on the parties' Article III standing in federal court." *Miller v. Redwood Toxicology Laboratory, Inc.*, 688 F.3d 928, 934 (8th Cir. 2012) (quoting *Perry v. Brown*, 671 F.3d 1052, 1074 (9th Cir. 2012)).

Because a plaintiff must establish both a valid underlying cause of action and Article III standing in order to obtain a declaratory judgment in federal court, State Farm is entitled to seek discovery on these matters. This, at minimum, allows State Farm to obtain information showing that a valid insurance policy exists, that the policy applies to Plaintiffs, and that Plaintiffs have suffered a concrete injury that will likely be readdressed through this declaratory judgment action. State Farm is also entitled to discovery as to whether Plaintiffs have a valid underlying cause of action based on a common-law or statutory right.[3] State Farm may obtain factual discovery on this only to ensure that Plaintiffs are not merely seeking an opinion regarding the availability or the scope of coverage and exclusions based on a set of hypothetical circumstances. The Court therefore grants State Farm's motion to compel for this reason as well.

The Court will not grant State Farm's motion in its entirety. Though a declaratory judgment action requires proof that a viable underlying cause of action exists, it does not require that Plaintiffs prove each element of the underlying cause of action by a preponderance of the evidence in order to obtain the declaratory judgment. *See Eggenberger*, 90 F. Supp. 3d at 863 (relating only to identification of underlying cause of action). Thus, while necessary for Plaintiffs to show the operative insurance policies apply to them and that they have a concrete injury that is likely to be addressed through their declaratory judgment action, they do not need to prove the exact damages that they

---

[3] In this case, the underlying cause of action is likely to be a tort action brought by Godfrey against the tortfeasor's insurance liability carrier. Godfrey has yet to file this action, but indicates she is likely to do so in her affidavit in support of subject matter jurisdiction.

suffered, as they would be required to do so in a tort action.[4] Thus, the Court will prohibit State Farm from obtaining discovery on matters related solely to the amount and type of damages that Plaintiffs might seek in an underlying tort action.[5] The Court will identify below the specific interrogatories and requests for production that relate to damages. Plaintiffs are not required to respond to those requests.

### C. Motion for Payment of Costs and Fees

Finally, State Farm asks that the Court order Plaintiffs to reimburse it for the reasonable costs and fees that it incurred in pursuing this motion. Rule 37(a)(5)(A) mandates that if a motion for discovery or disclosure is granted, the Court must require the party or attorney "whose conduct necessitated the motion" to pay the movant's reasonable expenses, including attorney fees. The award of costs and fees is mandatory unless, as relevant here, the opposing party's position was substantially justified or other circumstances make an award of expenses unjust. *Id*.

The Court has carefully considered this issue. Given the Court's decision to limit discovery and the parties' good-faith disagreement as to what discovery is appropriate in a declaratory judgment, the Court concludes that an award of fees and costs would be unjust. The Court therefore declines to order payment of State Farm's costs and attorney's fees.

---

[4] In fact, Godfrey's affidavit in support of subject matter jurisdiction is sufficient to set forth a viable claim for damages for purposes of this declaratory judgment action.
[5] Aside from Plaintiffs' satisfaction of the Court's concern regarding the amount-in-controversy exceeding the $75,000 threshold for diversity jurisdiction discussed above, Defendants can scarcely argue that Godfrey's significant injuries do not exceed the jurisdiction threshold amount.

9

## III.     CONCLUSION

Based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Defendant State Farm Fire and Casualty Company's Motion to Compel (ECF No. 45) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Within 21 days of the date of this order, Plaintiffs shall provide full and complete responses to State Farm's discovery requests. For any responsive discovery withheld pursuant to an assertion of privilege or other similar bases, said document must be included on a privilege log that must also be produced in 21 days. Plaintiffs shall otherwise comply with all applicable rules, laws, and orders;

    b. Godfrey is not required to respond to Interrogatory Nos. 16 and 19, Request for Production of Documents Nos. 5, 14, 16, and 33, to the extent those requests require the production of documents related only to damages, and Request for Production of Documents Nos. 25, 26, 27, 28, 29, 30, 31, 44, 45, 46, and 47;

    c. Novaczyk is not required to respond to Request for Production of Documents numbers 5, 14, 16, 21, and 22, to the extent those requests require the production of documents related only to damages;

    d. Within 21 days of the date of this order, Plaintiffs shall identify dates on which they are available for deposition and shall appear for deposition on those dates; and

    e. State Farm's motion for reimbursement of fees and costs is denied.

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver

of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: February 12, 2019                    *s/ Tony N. Leung*
                                            Tony N. Leung
                                            United States Magistrate Judge

                                            *Godfrey, et al. v. State Farm Fire &*
                                            *Casualty Co., et al.*
                                            Case No. 18-cv-524 (JNE/TNL)